USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___1/7/2021___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

TREVOR EDWARDS,
                     Defendant.

No. 19 Cr. 80-02 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

On June 27, 2019, Defendant Trevor Edwards ("Defendant") pleaded guilty to one count of narcotics conspiracy. (Minute Entry dated June 27, 2019.) On March 5, 2020, the Court sentenced Defendant to sixty (60) months' imprisonment, to be followed by four (4) years of supervised release. (ECF No. 41.) The Court granted numerous requests by Defendant to continue his surrender date. (ECF Nos. 40, 44, 54, 60, 62, 67.) Defendant surrendered and began serving his sentence on September 23, 2020. (ECF No. 67.) On December 11, 2020, Defendant moved for reappointment of CJA counsel and asked the Court to direct the Bureau of Prisons to release Defendant's medical records. (ECF No. 81.) The Court granted both requests. (ECF Nos. 82 and 83.) On December 22, 2020, Defendant moved for compassionate release. (ECF No. 84.) The Government opposed Defendant's motion. (ECF No. 86.) Defendant was granted leave (ECF No. 88) and filed a sur-reply (ECF No. 91). For the reasons that follow, Defendant's motion for compassionate release is DENIED.

## LEGAL STANDARD

18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify or reduce the terms of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a

request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). A court must find that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i). A court must also consider the factors set forth in section 3553(a) to the extent that they are applicable. *Id.* § 3582(c)(1)(A).

"The authority to define 'extraordinary and compelling reasons' has been granted to the United States Sentencing Commission, which has defined that term at U.S.S.G. § 1B1.13, comment n.11." *Zukerman*, 2020 WL 1659880 at *5 (citing *United States v. Ebbers*, No. 02 Cr. 11443, 2020 WL 91399, at *4-5 (S.D.N.Y. Jan. 8, 2020). "Relevant here, the Commission's policy statement and its corresponding commentary . . . . state that a court may reduce a sentence for 'extraordinary and compelling reasons,' including where the defendant is 'suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'" *United States v. Hernandez*, No. 18 Cr. 834-04 (PAE), 2020 WL 1684062, at *2 (S.D.N.Y. Apr. 2, 2020) (quoting U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A)). The defendant must also not be "a danger to the safety of any other person or to the community," and "the reduction must be consistent with [the Commission's] policy statement." *United States v. Ramos*, No. 14 Cr. 484 (LGS), 2020 WL 165812, at *1 (S.D.N.Y. Apr. 7, 2020) (citing U.S.S.G. § 1B1.13(2)-(3).)

The Section 3582(c)(1)(A) analysis requires courts to "consider[] the factors set forth in section 3553(a) to the extent they are applicable." *United States v. Gentille*, No. 19 Cr. 590 (KPF), 2020 WL 1814158, at *4 (S.D.N.Y. Apr. 9, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). The factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the

defendant"; (2) "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense." *Ramos*, 2020 WL 1685812 at *2 (quoting 18 U.S.C. § 3553(a)).

## DISCUSION

### I.  EXHAUSTION

The parties agree that Defendant has satisfied the exhaustion requirement. (ECF Nos. 84 at 2 and 86 at 2.)

### II.  EXTRAORDINARY AND COMPELLING REASONS

The Government does not dispute that Defendant has at least one underlying medical condition that puts him at elevated risk of contracting and experiencing complications from the COVID-19 pandemic and additional conditions which may lead to increased risk. (ECF No. 86 at 4.) Medical records indicate Defendant suffers from type 2 diabetes, hypertension, and morbid obesity. (ECF Nos. 84-2 (BOP Medical records indicating hypertension, obesity, and "prediabetes"), 84-3 (medical records from private doctor dated Jan. 22, 202020 indicating that Defendant has type 2 diabetes).) The CDC lists type 2 diabetes and obesity as risk factors for severe illness from COVID-19 and hypertension as a condition that may expose an individual to increased risk. *See* CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

conditions.html (updated Dec. 29, 2020; last visited Jan. 7, 2021). Courts have routinely found defendants with similar conditions meet the "extraordinary and compelling reason" threshold. *See, e.g., United States v. Gonzalez*, No. 3:19-CR-00090 (VAB), 2020 WL 7024905, at *4 (D. Conn. Nov. 30, 2020) ("obesity, taken alone, may constitute an extraordinary and compelling reason for release"); *United States v. Rodriguez*, No. 00 CR. 761-2 (JSR), 2020 WL 5810161, at *3 (S.D.N.Y. Sept. 30, 2020) ("obesity and Type II diabetes constitute an extraordinary and compelling reason to modify his sentence"); *United States v. Colvin*, 451 F. Supp. 3d 237, 241 (D. Conn. 2020) (hypertension and diabetes constituted extraordinary and compelling reasons justifying release). In light of the uncertainty of COVID-19 pandemic and Defendant's multitude of underlying conditions, the Court finds that Defendant meets the standard for "extraordinary and compelling [medical] reasons."

### III.     18 U.S.C. § 3553(a) FACTORS

While Defendant's crime was nonviolent, there is a strong need for him to serve the sentence imposed by the Court. Defendant committed a serious offense: conspiring with his co-defendant and others to distribute dozens of kilograms of cocaine in the small community of Newburgh, New York. (ECF No. 86 at 2-3.) This is not Defendant's first offense: prior to this case, Defendant was sentenced to over a year in prison for a different narcotics offense. (*Id.* at 3.) In light of his criminal history and the details of the offense, Defendant faced a Sentencing Guidelines range of 108 to 135 months. (*Id.*) The Court imposed a below-guidelines sentence of 60 months' imprisonment and also repeatedly delayed Defendant's surrender date. (ECF Nos. 40, 41, 44, 54, 60, 62, 67.) As a result, Defendant has only served approximately three months of his sentence, less than one percent of the sixty-month sentence imposed. While Defendant is correct that the amount of time Defendant has served does not alone preclude relief (ECF No. 91 at 2), releasing

Defendant now, when he has served such a short portion of his sentence would not serve the principles of deterrence—especially in light of his criminal history—or reflect the seriousness of the crime he committed. *See, e.g.*, *United States v. Itzchaki*, 2020 WL 4194800, at *2 (S.D.N.Y. July 21, 2020) (rejecting compassionate release in part because defendant had only "served approximately 14 percent of his sentence"); *United States v. Zemlyansky*, No. 12-CR-171-01 (JPO), 2020 WL 3638425, at *2 (S.D.N.Y. July 6, 2020) (denying compassionate release, in part because defendant had only served 5 years of a 15-year sentence); *United States v. Danilovich*, No. 12-CR-171-02 (JPO), 2020 WL 3642246, at *2 (S.D.N.Y. July 6, 2020) (denying request for compassionate release where defendant was four years into a 25-year sentence). Even in the case upon which Defendant relies as support for his arguments, the defendant had served significantly more time in prison and a higher percentage of his sentence. *United States v. Delgado*, 457 F. Supp. 3d 85, 87 (D. Conn. 2020) (reducing sentence from 120 months to 60 months' supervised release after defendant had served 29 months or roughly two percent of original 120-month sentence).

As such, while the Court is not unsympathetic to the increased risks Defendant faces from his underlying health conditions, the Court finds that the 18 U.S.C. § 3553(a) factors outweigh Defendants "extraordinary and compelling reasons" warranting compassionate release.

## CONCLUSION

For the reasons noted above, Defendant's motion for compassionate release is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 84.

Dated: January 7, 2021               SO ORDERED.
       White Plains, New York

                                     _____
                                     NELSON S. ROMÁN
                                     United States District Judge