```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/21/2022

UNITED STATES OF AMERICA,

    -against-

TREVOR EDWARDS,
                  Defendant.

No. 19 Cr. 80-02 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

    On June 27, 2019, Defendant Trevor Edwards ("Defendant") pleaded guilty to one count of narcotics conspiracy. (Minute Entry dated June 27, 2019.) On March 5, 2020, the Court sentenced Defendant to sixty (60) months' imprisonment, to be followed by four (4) years of supervised release. (ECF No. 41.) The Court granted numerous requests by Defendant to continue his surrender date. (ECF Nos. 40, 44, 54, 60, 62, 67.) Defendant surrendered and began serving his sentence on September 23, 2020. (ECF No. 67.) On December 11, 2020, Defendant moved for reappointment of CJA counsel and asked the Court to direct the Bureau of Prisons to release Defendant's medical records. (ECF No. 81.) The Court granted both requests. (ECF Nos. 82 and 83.) On December 22, 2020, Defendant moved for compassionate release. (ECF No. 84.) The Government opposed Defendant's motion. (ECF No. 86.) Defendant was granted leave (ECF No. 88) and filed a sur-reply (ECF No. 91). The Court issued an order denying Defendant's motion, on the basis that the objectives of sentencing outweighed Defendant's reasons for seeking early release. (ECF No. 92 at 4-6.) The Court noted the strong need for Defendant to serve the sentence imposed, the seriousness of Defendant's offense, that it was not Defendant's first offense, and that Defendant had served only less than one percent of the sixty-month sentence imposed. (*Id.*)

Defendant subsequently submitted a motion for reconsideration of the Court's prior denial of his motion for compassionate release (ECF Nos. 122, 138). The Government opposed Defendant's motion. (ECF No. 145.) For the following reasons, Defendant's motion for reconsideration is DENIED.

## LEGAL STANDARD

### I. Compassionate Release (18 U.S.C. § 3582(c)(1)(A))

18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify or reduce the terms of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). A court must find that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i). A court must also consider the factors set forth in section 3553(a) to the extent that they are applicable. *Id.* § 3582(c)(1)(A).

"The authority to define 'extraordinary and compelling reasons' has been granted to the United States Sentencing Commission, which has defined that term at U.S.S.G. § 1B1.13, comment n.11." *Zukerman*, 2020 WL 1659880 at *5 (citing *United States v. Ebbers*, No. 02 Cr. 11443, 2020 WL 91399, at *4-5 (S.D.N.Y. Jan. 8, 2020). "Relevant here, the Commission's policy statement and its corresponding commentary . . . . state that a court may reduce a sentence for 'extraordinary and compelling reasons,' including where the defendant is 'suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not

expected to recover.'" *United States v. Hernandez*, No. 18 Cr. 834-04 (PAE), 2020 WL 1684062, at *2 (S.D.N.Y. Apr. 2, 2020) (quoting U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A)). The defendant must also not be "a danger to the safety of any other person or to the community," and "the reduction must be consistent with [the Commission's] policy statement." *United States v. Ramos*, No. 14 Cr. 484 (LGS), 2020 WL 165812, at *1 (S.D.N.Y. Apr. 7, 2020) (citing U.S.S.G. § 1B1.13(2)-(3).)

The Section 3582(c)(1)(A) analysis requires courts to "consider[] the factors set forth in section 3553(a) to the extent they are applicable," although a Court is not limited to considering reasons articulated by the United States Sentencing Commission. *United States v. Gentille*, No. 19 Cr. 590 (KPF), 2020 WL 1814158, at *4 (S.D.N.Y. Apr. 9, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)); United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020); *see also United States v. Phillibert*, 15 Crim. 647, 2021 WL 3855894, at *3 (S.D.N.Y. Aug. 27, 2021) (explaining that Brooker clarified the reach of the Sentencing Commission's guidance defining "extraordinary and compelling"). Section 3582 grants a district court "broad" discretion, and under the statute, the court can "for instance, reduce but not eliminate a defendant's prison sentence, or end the term of imprisonment but impose a significant term of probation or supervised release in its place." *Gentille*, WL 1814158, at *4. The factors set forth in section 3553(a) include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) "the need to avoid unwarranted sentence disparities

among defendants with similar records who have been found guilty of similar conduct"; (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense." *Ramos*, 2020 WL 1685812 at *2 (quoting 18 U.S.C. § 3553(a)).

## II. Reconsideration

The standard for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *AP v. United States DOD*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). A motion for reconsideration should be denied if the moving party "merely offers substantially the same arguments he offered on the original motion." *United States v. Kerik*, 615 F. Supp. 2d 256, 276 n.27 (S.D.N.Y. 2009) (internal quotation marks omitted).

The decision of whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports, Inc. v. Connell*, No. 10 Civ. 3753(KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)). Generally, a party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citation omitted).

## DISCUSSION

### I. EXHAUSTION

The parties agree that Defendant has satisfied the exhaustion requirement.

## II. EXTRAORDINARY AND COMPELLING REASONS

As noted in this Court's prior order denying Defendant's motion for compassionate release, Defendant has at least one underlying medical condition that places him at elevated risk of contracting and experiencing complications from COVID-19 and additional conditions which may lead to increased risk. (ECF No. 86 at 4.) Medical records indicate Defendant suffers from type 2 diabetes, hypertension, and morbid obesity. (ECF Nos. 84-2 (BOP Medical records indicating hypertension, obesity, and "prediabetes"), 84-3 (medical records from private doctor dated Jan. 22, 202020 indicating that Defendant has type 2 diabetes).) The CDC lists type 2 diabetes and obesity as risk factors for severe illness from COVID-19 and hypertension as a condition that may expose an individual to increased risk. *See* CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Oct. 19, 2022; last visited Nov. 17, 2022). The Court previously concluded that Defendant met the standard for "extraordinary and compelling [medical] reasons," given the uncertainty of COVID-19 pandemic and Defendant's underlying conditions. (ECF No. 92 at 4.)

Here, Defendant claims that he remains at a much higher risk of falling seriously ill if he were to contract COVID-19 due to his multiple comorbidities and that his risk of contracting COVID-19 is heightened because he is incarcerated in close quarters with other inmates, despite having received the COVID-19 vaccine and a booster. (ECF No. 138 at 3.) Although the Government agrees that Defendant still suffers from the comorbidities described above,[1] it argues that Defendant no longer meets the standard for "extraordinary and compelling [medical] reasons"

---

[1] The Government notes that medical records from mid-2022 corroborate that Defendant suffers from the same medical conditions that he had when the Court dismissed his prior compassionate release motion in January of 2021, including a BMI over 30, diabetes, and high blood pressure. (ECF No. 145 at 3.)

Case 7:19-cr-00080-NSR   Document 146   Filed 11/21/22   Page 6 of 7

because he is: (1) now vaccinated and boosted; and (2) the facility where he is currently incarcerated has no prisoners or staff members infected with Covid 19. (ECF No. 145 at 3.)

The Court agrees that Defendant no longer meets the standard for "extraordinary and compelling reasons." As another court in this district recognized, "courts in this district have repeatedly noted that the risk of COVID-19 for a vaccinated individual is substantially reduced to the point that a defendant will typically not be able to demonstrate extraordinary and compelling reasons after he has been vaccinated." *United States v. Steele*, No. 15 CR 836 (VM), 2022 WL 2437904, at *2 (S.D.N.Y. July 5, 2022), *reconsideration denied*, No. 15 CR 836 (VM), 2022 WL 3020143 (S.D.N.Y. July 29, 2022) (citing *United States v. Jones*, 17 Crim. 214, 2021 WL 4120622, at *2 (S.D.N.Y. Sept. 9, 2021)); *see also United States v. Nieves*, No. 12 Crim. 931, 2021 WL 3494820, at *2 (S.D.N.Y. Aug. 8, 2021).

The circumstances that another court in this district addressed in *Steele* are particularly instructive. As here, the defendant in *Steele* suffered from multiple medical conditions that placed him at an increased risk of contracting COVID-19, including asthma, hypertension, and obesity. *Steele*, WL 2437904, at *2. However, like Defendant, the defendant in *Steele* was vaccinated and boosted, which the court noted "mitigated his risk of becoming seriously ill from Covid-19." *Id.* On this basis, the court in *Steele* concluded that the defendant did not demonstrate an "extraordinary and compelling reason" to justify a sentence modification, despite his comorbidities and post-sentence rehabilitation efforts. *Id.*

This Court similarly finds that Defendant no longer meets the "extraordinary and compelling" standard because his vaccination status sufficiently mitigates his risk of serious illness from contracting COVID-19. Although the Court commends Defendant's rehabilitative efforts[2]

---

[2] Defendant states that he has "availed himself of educational opportunities," "is currently enrolled in a class to obtain a CDL driver's license," and has been "a model inmate." (ECF No. 138 at 3.)

and is sympathetic to his health conditions, these circumstances do not satisfy the "extraordinary and compelling" standard in light of his vaccination status, particularly as it appears there is currently a low risk of COVID-19 at the facility where Defendant is incarcerated.[3] *See United States v. Dones,* No. 19 CR 169 (VM), 2022 WL 354679, at *4 (S.D.N.Y. Feb. 7, 2022) (finding that Defendant did not meet the "extraordinary and compelling" standard even though Defendant was held in a facility with a high level of COVID-19 cases and suffered from health conditions that placed him at an increased risk of COVID-19, given that Defendant already recovered from a COVID-19 infection and had received a COVID-19 vaccination).

### III.    18 U.S.C. § 3553(a) FACTORS

The Court finds it unnecessary to reweigh the Section 3553(a) factors because Defendant failed to meet the "extraordinary and compelling" standard. *See Steele*, WL 2437904, at 2 (noting, "because [Defendant] [had] not demonstrated any extraordinary and compelling reason justifying a sentence modification, the Court [found] no need to reweigh the Section 3553(s) factors").

### CONCLUSION

For the reasons noted above, Defendant's motion for reconsideration is DENIED. The Clerk of Court is directed to terminate the motions at ECF Nos. 122 and 138.

Dated:  November 21, 2022                                  SO ORDERED.
            White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

---

[3] The Government notes that according to the BOP website, as of November 11, 2022, Defendant is currently incarcerated at FCI Elkton and there are no prisoners or staff members infected with COVID-19 at this facility. (ECF No. 145 at 3.)